1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    CHARLES JOHNSON,                              Civil No.    08-1242 H (JMA)
      CDCR #H-54577,
12
                                Plaintiff,
13                                                  **ORDER DENYING MOTION TO**
                                                    **PROCEED** *IN FORMA PAUPERIS*
14              vs.                                 **AND DISMISSING CASE**
                                                    **WITHOUT PREJUDICE**
15                                                  **PURSUANT TO**
                                                    **28 U.S.C. § 1915(a)**
16    A. FIGUEROA, et al.,

17                                                  **[Doc. No. 2]**
                                Defendants.
18

19           Charles Johnson, ("Plaintiff"), a state inmate currently incarcerated at North Kern State

20    Prison located in Delano, California, and proceeding pro se, has submitted a civil rights

21    Complaint pursuant to 28 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated

22    by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

23    pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

24                                              **I.**

25                                  **MOTION TO PROCEED IFP**

26           All parties instituting any civil action, suit or proceeding in a district court of the United

27    States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

28    U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is

1 | granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See*

2 | *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176,

3 | 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay

4 | the entire fee in installments, regardless of whether the action is ultimately dismissed for any

5 | reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

6 | Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund

7 | account statement (or institutional equivalent) for the prisoner for the 6-month period

8 | immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the

9 | certified trust account statement, the Court must assess an initial payment of 20% of (a) the

10 | average monthly deposits in the account for the past six months, or (b) the average monthly

11 | balance in the account for the past six months, whichever is greater, unless the prisoner has no

12 | assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th

13 | Cir. 2002). Thereafter, the institution having custody of the prisoner must collect subsequent

14 | payments, assessed at 20% of the preceding month's income, in any month in which the

15 | prisoner's account exceeds $10, and forward those payments to the Court until the entire filing

16 | fee is paid. *See* 28 U.S.C. § 1915(b)(2).

17 | While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C.

18 | § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-

19 | month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2);

20 | S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

21 | civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund

22 | account statement (or institutional equivalent) ... for the 6-month period immediately preceding

23 | the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

24 | Without Plaintiff's trust account statement, the Court is simply unable to assess the

25 | appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1).

26 | Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

27 | ////

28 |

1

**II.**

2

**CONCLUSION AND ORDER**

3      For the reasons set forth above, **IT IS ORDERED** that:

4      (1)      Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

5      (2)      This action is **DISMISSED** without prejudice for failure to prepay the $350 filing

6   fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP

7   pursuant to 28 U.S.C. § 1915(a).

8      (3)      Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to

9   either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which*

10   *includes a certified copy of his trust account statement for the 6-month period preceding the*

11   *filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

12      **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a

13   Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this

14   matter.  If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the

15   attached Motion to Proceed IFP, together with a certified copy of his prison trust account

16   statement within 45 days, this action shall remained closed without further Order of the Court.

17

18   DATED: July 17, 2008

19                                                      HON. MARILYN L. HUFF
                                                         United States District Judge

20

21

22

23

24

25

26

27

28