UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>A. FIGUEROA et al.,<br><br>Defendants. | Civil No. 08-cv-1242-POR (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Doc. 82]** |

## I. INTRODUCTION

On June 30, 2010, Plaintiff Charles Johnson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a first amended complaint pursuant to 42 U.S.C. § 1983 against seven prison officials at the Calipatria State Prison. (Doc. 72, ("FAC").) Plaintiff has sued Defendants in their individual capacities. (Id. at 2-3.) He alleges Defendants conspired to delay or deny medical care from November 21, 2007 through January 2, 2008. (Id. at 1, 5.) He further contends Defendants violated his constitutional rights by failing to transport him to physical therapy appointments in waist chains as required by his medical disability. (Id. at 4-9.) Plaintiff seeks damages and an injunction to prevent Defendants from denying him medical treatment. (Id. at 12.)

On September 3, 2010, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 82 ("MTD").) Plaintiff filed an Opposition on October 15, 2010.[1] (Doc. 91

---

[1] Plaintiff filed a document entitled "Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss First Amended Complaint/ Cross Motion for Summary Judgment." (Doc. 91.) While Plaintiff responds to Defendants' Motion to Dismiss, he does not appear to make an argument for summary judgment. Thus, the Court has construed his filing as an opposition to Defendants' Motion to Dismiss.

1  ("Pl.'s Opp'n").) On October 18, 2010, Defendants filed a Reply in response to Plaintiff's
2  Opposition. (Doc. 93 ("Defs' Reply").) After thorough review of the parties' papers and all
3  supporting documents, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is
4  **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

### A.  Plaintiff's Specific Factual Allegations

In September 2006, while incarcerated at Calipatria State Prison, Plaintiff suffered a stroke, resulting in paralysis and weakness in the right side of his body. (FAC at 4.) Defendant Dr. D. Hjerpe, Plaintiff's primary care physician, proscribed physical therapy sessions at Pioneers Memorial Hospital to treat the residual symptoms of his stroke. (Id.) In order to accommodate his disability, Plaintiff alleges a "medical chrono" was issued authorizing medical staff to transport Plaintiff to his appointments by gurney in an ambulance. (Id. at 5.) Plaintiff claims the medical chrono "implicitly exempted him from the placement of the black box." (Id.) (internal parenthesis omitted).

On November 21, 2007, Defendant A. Figueroa was assigned to transport Plaintiff to his physical therapy appointment. (FAC at 6.) Notwithstanding his medical chrono, Plaintiff contends Figueroa refused to transport him unless he submitted to wearing handcuffs and a "black box," a cover placed over handcuffs to prevent an inmate from picking the lock. (Id.) In order to attend physical therapy, Plaintiff submitted to use of the restraints. (Id. at 6.) After five minutes, however, the pain was so severe that Plaintiff insisted Figueroa remove the black box. (Id.) Figueroa consulted with her immediate supervisor, Defendant Sargent Preciado, who instructed her to use the restraints. (Id. at 5-6.) Because Plaintiff refused to allow her to do so, Figueroa did not transport him to his appointment. (Id. at 6.)

At some point thereafter, Defendant Hjerpe became aware of the incident and Plaintiff's concerns regarding the black box. (FAC at 6.) Thus, on December 4, 2007, Dr. Hjerpe issued a second medical chrono exempting Plaintiff from the black box restraints. (Id.) That same day, Plaintiff alleges he suffered an episode of muscle spasms so painful and severe that he was taken to the emergency room. (Id.) Plaintiff claims he had never suffered an episode of muscle spasms prior

1    to November 21, 2007, nor has he experienced one since resuming physical therapy. (Id.) Dr.
2    Hjerpe was unable to ascertain the cause of the muscle spasms. (Id.)

3        On December 5, 2007, Defendant T. Davis was assigned to transport Plaintiff to his physical
4    therapy appointment. (FAC at 7.) Despite Plaintiff's medical exemption, Plaintiff alleges Davis
5    also refused to transport him unless he submitted to use of the black box. (Id.) Once again, Sargent
6    Preciado instructed Davis to use the black box restraints. (Id.) Plaintiff further contends Defendant
7    G. Stratton, the transportation unit supervisor, ordered his subordinates to disregard Dr. Hjerpe's
8    December 4, 2007 medical chrono. (Id.) As a result, Plaintiff claims Defendant E. Orduno stopped
9    scheduling his physical therapy appointments. (Id. at 8.) Plaintiff also claims Dr. Hjerpe was aware
10   of Stratton's order, but took no further action. (Id.)

11       Plaintiff then wrote Defendant R. Delgado, Associate Warden of Calipatria State Prison,
12   regarding his medical treatment. (FAC at 8.) Plaintiff contends Delgado found the transportation
13   officers were acting appropriately and took no further action. (Id.) On December 20, 2007,
14   Plaintiff's administrative appeal regarding his treatment was granted at the second level of review.
15   (Id.) Thus, Plaintiff resumed physical therapy on January 2, 2008. (Id. at 1.) However, as a result
16   of Defendants' conduct, Plaintiff claims his recovery has been set back and he has suffered
17   unnecessary pain. (FAC at 9.)

18       On March 7, 2008, Plaintiff was transferred to Kern Valley State Prison, where he currently
19   resides. (FAC at 4.)

20   **B.   Defendants' Requests for Judicial Notice**

21       Defendants request judicial notice of various facts and records relating to Plaintiff's medical
22   care in support of their Motion to Dismiss. (Doc. 82-6.) Specifically, Defendants request judicial
23   notice of the following facts: (1) "Plaintiff was transported to Pioneers Medical Center on
24   September 11, 18, and 25, 2007; October 1, 3, 5, 9, 12, 15, 17, 19, and 22, 2007; and November 1,
25   and 14, 2007;" (2) "On November 30, 2007, Plaintiff was transported to a physical therapy
26   appointment in waist chains;" (3) "Plaintiff's medical file includes an Interdisciplinary Progress
27   Note, dated December 4, by Dr. Hjerpe noting, '[h]e was having problems [with] being cuffed in
28   front so he is now on a waist chain chrono;'" (4) "The Comprehensive Accommodation Chrono

issued by Dr. Hjerpe noting 'waist chains' is dated December 5, 2007;" (5) "Plaintiff's letter to Defendant Delgado is dated December 25, 2007, and in this letter Plaintiff advised Defendant Delgado that his grievance about having to use the black box was granted on December 20, 2007;" and (6) "Plaintiff's medical records provide" information on his ability to care for himself in January, 2008. (Doc. 82-6 at 2-4.) In regards to each request, Defendants contend the information is contained in the court record because the facts at issue have been alleged in various declarations submitted by the parties in this case. Id. Defendants also argue the truth of the facts asserted in the parties' declarations are capable of ready and accurate determination by resort to sources whose accuracy cannot reasonably be questioned.[2] Id.

Rule 201(b) of the Federal Rules of Evidence provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In other words, a court may take judicial notice of facts that "only an unreasonable person would insist on disputing." Walker v. Woodford, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (internal quotations omitted). Therefore, while the Court may take judicial notice that the parties have filed declarations and that the facts quoted above are included in those declarations, the Court cannot take judicial notice of the truth of the facts asserted therein. See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (noting a court may take judicial notice of court records, but it may not take judicial notice of the truth of the contents of all documents found therein); see also Walker, 454 F. Supp.2d at 1022. Accordingly, Defendants' requests for judicial notice are **DENIED**.

### III. STANDARD OF REVIEW

**A.    Rule 12(b)(6) Motions to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

---

[2] Defendants also seem to suggest the Court may take judicial notice of Plaintiff's transportation records because the California Department of Corrections and Rehabilitation keeps accurate business records, which are created at or near the time an inmate is transferred. (See Doc. 82-6 at 2.) The Court notes, however, that the records provided do not match Defendants' description of Plaintiff's transportation history. Defendants request judicial notice of the fact that Plaintiff was transported to Pioneer's Medical Center on October 9, 17, and 19, 2007. (Id.) The transportation records filed in this case do not contain entries for those dates. (MTD, Ex. 1.) Because these records present genuine issues of fact, the Court declines to take judicial notice of the dates Plaintiff was transported to physical therapy on this basis.

1  12(b)(6) tests the legal sufficiency of the claims in the complaint.  See Davis v. Monroe County Bd.
2  of Educ., 526 U.S. 629, 633 (1999).  "The old formula –- that the complaint must not be dismissed
3  unless it is beyond doubt without merit –- was discarded by the Bell Atlantic decision [Bell Atl.
4  Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]."  Limestone Dev. Corp. v. Vill. of Lemont, 520
5  F.3d 797, 803 (7th Cir. 2008).

6       A complaint must be dismissed if it does not contain "enough facts to state a claim to relief
7  that is plausible on its face."  Bell Atl. Corp., 550 U.S. at 570.  "A claim has facial plausibility when
8  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
9  defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949
10 (2009).  The court must accept as true all material allegations in the complaint, as well as reasonable
11 inferences to be drawn from them, and must construe the complaint in the light most favorable to the
12 plaintiff.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City
13 of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d
14 1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

15      The court does not look at whether the plaintiff will "ultimately prevail but whether the
16 claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236
17 (1974); see Bell Atl. Corp., 550 U.S. at 563 n.8.  A dismissal under Rule 12(b)(6) is generally proper
18 only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a
19 cognizable legal theory."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Balistreri v.
20 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

21      The court need not accept conclusory allegations in the complaint as true; rather, it must
22 "examine whether [they] follow from the description of facts as alleged by the plaintiff."  Holden v.
23 Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11
24 F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, 382 F.3d at 973 (citing Clegg v. Cult
25 Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)) (stating that on Rule 12(b)(6) motion, a
26 court "is not required to accept legal conclusions cast in the form of factual allegations if those
27 conclusions cannot reasonably be drawn from the facts alleged[]").  "Nor is the court required to
28 accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside the pleadings. Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1. This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993)).

"When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

**B.     Standards Applicable to Pro Se Litigants**

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649

(internal quotation omitted).

Nevertheless, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

**C.     Stating a Claim Under 42 U.S.C. § 1983**

To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983; Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986).

**IV. DISCUSSION**

Plaintiff's First Amended Complaint seems to raise four claims: (1) Defendants conspired to deny, delay or interfere with Plaintiff's medical care; (2) Defendants were deliberately indifferent to Plaintiff's medical needs in violation of his Eighth Amendment rights; (3) Defendant Figueroa violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment; and (4) a request for injunctive relief.[3] (FAC at 4-9.) Defendants move to dismiss Plaintiff's First Amended Complaint, arguing Plaintiff has failed to state claims upon which relief may be granted. (MTD at 7-16.)

**A.     Conspiracy**

Plaintiff contends Defendants conspired to delay, deny or interfere with his medical care (FAC at 5.) Defendants argue Plaintiff has failed to adequately plead conspiracy because he fails to allege specific facts of an agreement to interfere with Plaintiff's medical care. (MTD at 14.) To

---

[3] Plaintiff's Opposition makes brief reference to a First Amendment retaliation claim. (Pl.'s Opp'n at 2.) However, because a liberal reading of Plaintiff's First Amended Complaint does not raise such a claim, the Court has not addressed any possible First Amendment arguments in this Order.

allege a claim of conspiracy under § 1983, a plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985).

Here, Plaintiff fails to allege any facts that show an agreement or meeting of the minds to violate any of Plaintiff's constitutional rights. Woodrum, 866 F.2d at 1126; Aldabe, 616 F.2d at 1092. Moreover, Plaintiff's conclusory allegations that Defendants Preciado and Stratton each ordered their subordinates to violate Petitioner's constitutional rights are insufficient to support a conspiracy claim. Id.; (FAC at 5, 7.) Accordingly, Defendants' Motion to Dismiss Plaintiff's conspiracy claim is hereby **GRANTED** with leave to amend.

### B. Eighth Amendment: Deliberate Indifference

Plaintiff alleges Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (FAC at 5.) Defendants argue Plaintiff's deliberate indifference claim should be dismissed because he fails to allege the elements necessary to raise a deliberate indifference to medical care claim. (MTD at 10-13.)

Deliberate indifference to a prisoner's serious medical needs constitutes a violation of the Eighth Amendment and is actionable under § 1983. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." McGuckin, 974 F.2d at 1059 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059. First, a "'serious' medical need exists if the failure to treat a

prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104). Second, a "defendant must *purposefully* ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." Id. at 1060 (emphasis added). An inadvertent failure to provide medical care, mere negligence or medical malpractice or a delay in medical care without more are insufficient to constitute Eighth Amendment violations. See Estelle, 429 U.S. at 105-07.

### 1. Serious Medical Need

Defendants attempt to minimize the impact of Plaintiff missing his physical therapy sessions and argue he fails to state a claim for deliberate indifference because Defendants' actions "did not result in further significant injury or the unnecessary and wanton infliction of pain." (MTD at 10.) Defendants' suggestion that Plaintiff cannot state a claim for deliberate indifference because he did not suffer significant injury from missing a few physical therapy sessions is unpersuasive. To state a claim for deliberate indifference, Plaintiff must allege a serious medical need, not a significant injury. McGuckin, 974 F.2d at 1060.

Here, Plaintiff claims he suffered a stroke in September, 2006, which resulted in paralysis and weakness in the right side of his body. (FAC at 4.) "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989)). It is reasonable to assume a doctor or patient would find a stroke worthy of medical treatment. Indeed, Plaintiff's physician, Dr. Hjerpe, recommended physical therapy in this case because Plaintiff's residual paralysis and weakness were significant enough to warrant further attention. (FAC at 4.) Accordingly, Plaintiff has alleged a "serious medical need" sufficient to state a claim for deliberate indifference.

### 2. Deliberate Indifference

Defendants argue Plaintiff's deliberate indifference claim should be dismissed because he

fails to set forth specific allegations as to each individual Defendant's subjective knowledge of a substantial risk of harm.  (MTD at 11-13.)  Deliberate indifference is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, "[i]f a prison official *should have been aware* of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citing Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotations omitted); Farmer, 511 U.S. at 839 (reasoning that deliberate indifference analysis must focus on "what a defendant's mental attitude actually was").  Moreover, a "prisoner must set forth specific facts as to each individual defendant's deliberate indifference."  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  "This is not an easy test for [p]laintiffs to satisfy."  Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002).

Plaintiff seems to allege Defendants *should have known* he had a medical chrono on file that "implicitly exempted" him black box restraints, but fails to allege facts establishing each Defendants' subjective knowledge of a substantial risk of harm.  (FAC at 5.)  Plaintiff's First Amended Complaint does not allege any facts indicating Defendants knew of the medical chrono and deliberately disregarded it.  Cf. Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) ("allegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference"); see also Hamilton v. Endell, 981 F.2d 1062, 1064-67 (9th Cir. 1992) (holding defendants' transfer of plaintiff by airplane despite his physician's express instructions that he should not fly for six months constituted deliberate indifference), overruled in part on other grounds by Saucier v. Katz, 533 U.S. 194 (2001).  The Court is unaware of any case holding the existence of a medical chrono alone is sufficient to state a claim for deliberate indifference.  Accordingly, the Court finds Plaintiff has failed set forth specific allegations as to each individual Defendant's subjective state of mind.  See McGuckin, 974 F.2d at 1060; Toguchi, 391 F.3d at 1057.

In his Opposition, Plaintiff provides additional allegations as Defendants' culpable states of

mind. Specifically, he alleges:

> When [Defendant Figueroa] approached Plaintiff and attempted to place handcuffs on him, she noticed that he did not have the ability to lift his right arm into position for her to place the handcuff on his right wrist. So she lifted Plaintiff's right arm and placed his right wrist into the handcuff. After securing the handcuffs, she informed Plaintiff that he would have to be transported in handcuffs and the black box.
> 
> Plaintiff complained about the use of the black box, claiming that he should not have to wear it because of his medical condition. But in an effort to participate in physical therapy, Plaintiff submitted to the placement of the black box . . .
>
> Defendant A. Figueroa called her immediate supervisor, Defendant Sgt. Preciado. Defendant A. Figueroa told Defendant Sgt. Preciado that Plaintiff was complaining about the use of the black box, claiming that he should not have to wear it because of his medical condition. Defendant Sgt. Preciado instructed Defendant A. Figueroa to follow Calipatria's transportation policy, which required use of the black box, unless Plaintiff had a medical chrono authorizing his transportation without it.
>
> While the issue over the placement of the black box ensued between Defendant A. Figueroa and Plaintiff, Defendant E. Orduno[,] a registered nurse, was present. Defendant Figueroa did not inquire of Defendant Orduno whether there was a medical chrono in Plaintiff's medical exempting him from wearing the black box. [I]nstead, Defendant A. Figueora assumed that there was no medical chrono in Plaintiff's medical file. And having made the assumption there was no chrono in Plaintiff's medical file exempting him from wearing the black box, she further assumed that she could not transport Plaintiff to his physical therapy appointment consistent with the prison's transportation policy, and therefore did not transport him.

(Pl.'s Opp'n at 4-5) (internal citations omitted). In regards to Defendant Hjerpe, Plaintiff contends he "was aware" Plaintiff was not transported to physical therapy on December 5, 2007, notwithstanding the medical chrono. (Id. at 7.) Plaintiff also argues his disability is "so obvious" that it was objectively unreasonable for Defendants to fail to accommodate his medical condition. (Id. at 13.)

The Court need not determine whether Plaintiff's Opposition sufficiently sets forth facts demonstrating Defendants' culpable states of mind at this time. While the Court has a duty to liberally construe a *pro se* pleading, the "focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Id. (emphasis in original). While the new allegations contained in Plaintiff's Opposition are not relevant to the resolution of the instant motion, it appears that Plaintiff may be able to amend

1  his complaint in good faith. See Lopez, 203 F.3d at 1127 (holding the court must give a *pro se*
2  litigant leave to amend "unless it determines that the pleading could not possibly be cured by the
3  allegation of other facts").

4  Accordingly, the Court concludes Defendants' Motion to Dismiss is **GRANTED** with leave
5  to amend as to Plaintiff's Eighth Amendment deliberate indifference claim.

6  **C.  Eighth Amendment: Excessive Force**

7  Plaintiff seems to raise an Eighth Amendment excessive force claim against Defendant
8  Figueroa in connection with her use of handcuffs and black box restraints. (FAC at 5-6.) Plaintiff
9  alleges that despite his medical chrono, Figueroa refused to transport him to his physical therapy
10 appointment unless he submitted to wearing handcuffs and black box restraints. (Id.) Plaintiff
11 submitted to the use of restraints, however, after five minutes the pain was so severe that he insisted
12 Figueroa remove the black box. (Id.)

13 The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments
14 Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). Where "prison
15 officials stand accused of using excessive physical force in violation of the Cruel and Unusual
16 Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort
17 to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7; Schwenk
18 v. Anderson, 204 F.3d 1187, 1196 (9th Cir. 2000); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.
19 1986). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily
20 excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of
21 force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10.
22 Therefore, in determining whether force was used maliciously and sadistically to cause harm, courts
23 must examine: (1) the need for application of force; (2) the relationship between the need and the
24 amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff
25 and inmates, as reasonably perceived by responsible officials on the basis of facts known to them;
26 and (5) any efforts made to temper the severity of a forceful response. Id. at 7.

27 Based on a liberal reading of Plaintiff's First Amended Complaint, the Court finds Plaintiff
28 has pled sufficient facts to raise a claim for excessive force. Plaintiff seems to acknowledge that the

1  temporary use of some form of restraint was necessary for his transportation. (FAC at 5-6.) Under
2  the circumstances, however, Plaintiff alleges there was no need for the excessive restraint provided
3  by the black box. (Id. at 5.) Instead, Plaintiff contends he should have been transported to physical
4  therapy by gurney in an ambulance without the use of the black box. (Id.) Plaintiff also alleges he
5  made an effort to temper the severity of the forceful response as he insisted that Defendant Figueroa
6  remove the black box restraints. (Id. at 6.)

7  While the extent of the injury inflicted is unclear from the pleadings, a significant injury is
8  not required to state a claim for excessive force. See Hudson, 503 U.S. at 7 ("The absence of serious
9  injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."); Wilkins v. Gaddy, --
10 U.S. --, 130 S.Ct. 1175, 1178-79 (2010) ("An inmate who is gratuitously beaten by guards does not
11 lose his ability to pursue and excessive force claim merely because he has the good fortune to escape
12 without serious injury."). Here, Plaintiff alleges that the black box caused him so much pain he
13 insisted Defendant Figueroa remove it. (FAC at 6.) Plaintiff also claims he suffered an episode of
14 severe muscle spasms on December 4, 2007.[4] (Id.) Accordingly, the Court finds that Plaintiff has
15 set forth sufficient facts to satisfy the elements of Hudson and state a claim for excessive force.
16 Based thereon, Defendants' Motion to Dismiss is **DENIED** as to Plaintiff's excessive force claim.

17 **D.    Injunctive Relief**

18 Finally, Plaintiff seeks injunctive relief preventing Defendants from denying him medical
19 treatment, including physical therapy. (FAC at 12.) Defendants argue Plaintiff's claim for
20 injunctive relief against the employees of Calipatria State Prison should be denied because Plaintiff
21 is now incarcerated at Kern Valley State Prison. (MTD at 15; Defs' Reply at 6.)

22 A claim is considered moot if it has lost its character as a present, live controversy, and if no
23 effective relief can be granted. Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is
24 involved, questions of mootness are determined in light of the present circumstances. Mitchell v.
25 Dupnik, 75 F.3d 517, 528 (9th Cir. 1996). Currently, Plaintiff is housed at Kern Valley State Prison.

---

[4] It is unclear whether the episode of muscle spasms was caused by the black box or the fact that Plaintiff missed his physical therapy sessions. Plaintiff admits his physician was unable to ascertain the cause of the muscle spasms. (FAC at 6.) However, because Plaintiff has alleged an injury, it is unnecessary to resolve the uncertainty for the purposes of this motion.

(FAC at 4.)  Though he is no longer housed at Calipatria State Prison, Plaintiff argues he is still suffering from the effects of his stroke and continues to receive improper medical treatment from officials at Kern Valley State Prison.  (Pl.'s Opp'n at 16.)  However, an injunction ordering the Defendants to provide proper medical treatment would not grant Plaintiff any relief, as he is no longer under Defendants' control.  See Flast, 392 U.S. at 95.  Accordingly, Defendants' Motion to Dismiss Plaintiff's claim for injunctive relief is hereby **GRANTED** without prejudice.

## V. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, IT IS HEREBY ORDERED:

1. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED** with leave to amend as to Plaintiff's conspiracy claim and Eighth Amendment deliberate indifference claim.  If Plaintiff chooses to amend, he shall file a Second Amended Complaint on or before **February 28, 2011**.

2. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED** without prejudice as to Plaintiff's request for injunctive relief.

3. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Figueroa is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 25, 2011

*Louisa Porter*

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Jan M. Adler
All parties