1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

| CHARLES JOHNSON, | Civil No.   08-cv-1242-POR (JMA) |
|---|---|
| Plaintiff, | |
| v. | |
| A. FIGUEROA et al., | **ORDER FOLLOWING IN CAMERA REVIEW OF DOCUMENTS** |
| Defendants. | **[ECF No. 126]** |

On February 10, 2012, the parties filed a Joint Motion for Discovery (ECF No. 126) and submitted Defendants' personnel records for the Court's *in camera* review.  Federal policy regarding discovery is liberal.  Under Federal Rule of Civil Procedure 26, parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  The Court has reviewed Defendants' personnel records *in camera* and has engaged in the balancing test required by Miller v. Pancucci, 141 F.R.D. 292 (C.D. Cal. 1992), Hampton v. City of San Diego, 147 F.R.D. 227 (S.D. Cal. 1993), and Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987), weighing the potential benefits against the potential disadvantages of disclosure.

        The parties have agreed to an "attorneys-eyes only" protective order and procedure to protect private information.  Subject to the parties' "attorneys-eyes only" protective order, the Court hereby orders Defendants produce documents as follows.

**A.      Defendant Davis**

      1.      Report of Performance (March 2010 - March 2011)

With regard to Defendant Davis' Report of Performance, dated March 2010 through March 2011, the Court finds that although the evaluation rates Defendant Davis on "Supervising, Escorting, and Transporting," the time period at issue is so remote that it is not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of Defendant Davis' Report of Performance is hereby DENIED.

Moreover, with regard to the Rainbow Report and training documents attached to Defendant Davis' Report of Performance, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

      2.      Report of Performance (March 2009 - March 2010)

As to Defendant Davis' Report of Performance, dated March 2009 through March 2010, the Court finds that although the evaluation rates Defendant Davis on "Supervising, Escorting, and Transporting," the time period at issue is so remote that it is not relevant to the issues of this case. Therefore, Plaintiff's request for the production of Defendant Davis' Report of Performance is hereby DENIED.

Moreover, with regard to the Rainbow Report and training documents attached to Defendant Davis' Report of Performance, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

      3.      Report of Performance (September 2007 - September 2008)

Defendant Davis' Report of Performance, dated September 1, 2007 through September 1, 2008, covers a time period relevant to the issues of this case and includes Davis' evaluation for "Supervising, Escorting, and Transporting."  The Court further finds that Davis' training records are relevant to the issues of this case.  Based thereon, Defendants shall produce pages 37-38 and 49-52 of this document on or before **March 30, 2012**.

However, with regard to the Rainbow Report, the Court finds this document is not relevant to

1  the issues of this case.  Therefore, Plaintiff's request for the production of pages 39-48 is hereby

2  DENIED.

3      4.      Report of Performance (March 2006 - March 2007)

4      Defendant Davis' Report of Performance, dated March 1, 2006 through March 1, 2007,

5  covers a time period relevant to the issues of this case and includes Davis' evaluation for

6  "Supervising, Escorting, and Transporting."  The Court further finds that Davis' training records are

7  relevant to the issues of this case.  Based thereon, Defendants shall produce pages 53-54 and 61-63

8  of this document on or before **March 30, 2012**.

9      However, with regard to the Rainbow Report and work safety documents attached to Davis'

10 Report of Performance, the Court finds these documents are not relevant to the issues of this case.

11 Therefore, Plaintiff's request for the production of pages 64-70 is hereby DENIED.

12      5.      Report of Performance (June 2004 - June 2005)

13     Defendant Davis' Report of Performance, dated June 1, 2004 through June 1, 2005, covers a

14 time period relevant to the issues of this case and includes Davis' evaluation for "Supervising,

15 Escorting, and Transporting."  The Court further finds that Davis' training records are relevant to the

16 issues of this case.  Based thereon, Defendants shall produce pages 71-74 and 81-83 of this

17 document on or before **March 30, 2012**.

18      However, with regard to the Rainbow Report and work safety documents attached to Davis'

19 Report of Performance, the Court finds these documents are not relevant to the issues of this case.

20 Therefore, Plaintiff's request for the production of pages 75-80 is hereby DENIED.

21      6.      Report of Performance (May 2003 - August 2003)

22      As to Defendant Davis' Report of Performance, dated May 5, 2003 through August 22, 2003,

23 the Court finds that it covers a time period relevant to the issues of this case and includes Davis'

24 evaluation for "Supervising, Escorting, and Transporting."  The Court further finds that Davis'

25 training records are relevant to the issues of this case.  Based thereon, Defendants shall produce page

26 84 on or before **March 30, 2012**.

27 //

28 //

**B.      Defendant Figueroa**

      1.      Letter of Instruction

The Court finds Defendant A. Figueroa's Letter of Introduction concerns issues that are not relevant to this case.  Accordingly, Plaintiff's request for the production of this document is hereby DENIED.

      2.      Transcript

The Court finds Defendant A. Figueroa's transcript from Concorde Career College is relevant to issues of her training and knowledge.  Therefore, Defendants shall produce page 88 on or before **March 30, 2012**.  However, the Court finds the remaining pages of the transcript are not relevant to the instant action.  Thus, Plaintiff's request for the production of pages 87 and 89-91 is hereby DENIED.

      3.      Report of Performance (November 2007 - November 2008)

Defendant Figueroa's Report of Performance, dated November 2007 through November 2008, covers a time period relevant to the issues of this case and includes Figueroa's evaluation for "Supervising, Escorting, and Transporting."  The Court further finds that Figueroa's training records are relevant to the issues of this case.  Based thereon, Defendants shall produce pages 92-96 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Figueroa's Report of Performance, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of pages 97-106 is hereby DENIED.

      4.      Report of Performance (November 2008 - November 2009)

As to Defendant A. Figueroa's Report of Performance, dated November 2008 through November 2009, the Court finds this document covers a time period relevant to the issues of this case and includes Figueroa's evaluation for "Supervising, Escorting, and Transporting."  The Court further finds that Figueroa's training records are relevant to the issues of this case.  Based thereon, Defendants shall produce pages 107-108 and 115-117 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Figueroa's Report of Performance, the Court finds these documents are not relevant to the issues of

1  this case.  Therefore, Plaintiff's request for the production of pages 109-114 and 118-122 is hereby

2  DENIED.

3        5.  Licenses

4       The Court finds Defendant Figueroa's nursing licenses are directly relevant to her training

5  and knowledge.  Accordingly, Defendants shall produce pages 123-131 on or before **March 30,**

6  **2012**.

7  **C.**  **Defendant Hjerpe**

8        1.  Certifications

9       The Court finds Defendant D. Hjerpe's Medical Board of California certifications directly

10  relevant to his training and knowledge.  Accordingly, Defendants shall produce pages 132-133 on or

11  before **March 30, 2012**.

12        2.  Individual Development Plan (August 1, 2011)

13       With regard to Defendant D. Hjerpe's Individual Development Plan, dated August 1, 2011,

14  the Court finds that the time period at issue is so remote that the evaluation is not relevant to the

15  issues of this case.  Therefore, Plaintiff's request for the production of this document is hereby

16  DENIED.

17       Moreover, with regard to the Rainbow Report and training documents attached to Defendant

18  Figueroa's Report of Performance, the Court finds these documents are not relevant to the issues of

19  this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document

20  is hereby DENIED.

21        3.  Individual Development Plan (May 1, 2010)

22       With regard to Defendant D. Hjerpe's Individual Development Plan, dated August 1, 2011,

23  and the attached Employee Attendance Summary and training records, the Court finds that the time

24  period at issue is so remote that the evaluation is not relevant to the issues of this case.  Therefore,

25  Plaintiff's request for the production of this document is hereby DENIED.

26        4.  Report of Performance (April 2010)

27       As to Defendant Hjerpe's Report of Performance for a Probationary Employee, dated April

28  27, 2010, the Court finds that the time period at issue is so remote that the evaluation is not relevant

1  to the issues of this case.  Moreover, the Court finds the Calipatria State Prison Discrimination

2  Complaint Policy, Sexual Harassment Policy and the additional Work Practices regarding injuries

3  and illnesses are not relevant to the issues of this case.  Based thereon, Plaintiff's request for the

4  production of pages 155-156 and 159-167 is hereby DENIED.

5       However, the Court finds the Chief Physician and Surgeon Duty Statement is directly

6  relevant to Defendant Hjerpe's training and knowledge.  Accordingly, Defendants shall produce

7  pages 157 and 158 on or before **March 30, 2012**.

8       5.       Report of Performance (January 2010)

9       As to Defendant Hjerpe's Report of Performance for a Probationary Employee, dated

10  January 19, 2010, the Court finds that the time period at issue is so remote that the evaluation is not

11  relevant to the issues of this case.  In addition, the Court finds the Employee Attendance Summary,

12  Calipatria State Prison Discrimination Complaint Policy, Sexual Harassment Policy and the

13  additional Work Practices regarding injuries and illnesses are not relevant to the issues of this case.

14  Therefore, Plaintiff's request for the production of pages 168 and 171-180 is hereby DENIED.

15       However, the Court finds the Chief Physician and Surgeon Duty Statement is directly

16  relevant to Defendant Hjerpe's training and knowledge.  Accordingly, Defendants shall produce

17  pages 169 and 170 on or before **March 30, 2012**.

18       6.       Individual Development Plan (2009)

19       Defendant Hjerpe's Individual Development Plan, dated June 8, 2009, covers a time period

20  relevant to the issues of this case.  The Court also finds the Duty Summary directly relevant to this

21  matter.  Accordingly, Defendants shall produce pages 181-184 on or before **March 30, 2012**.

22       Conversely, the Court finds the Calipatria State Prison Discrimination Complaint Policy,

23  Sexual Harassment Policy and the additional Work Practices regarding injuries and illnesses are not

24  relevant to the issues of this case.  Thus, Plaintiff's request for the production of pages 185-195 is

25  hereby DENIED.

26  **D.      Defendant Orduno**

27       1.       Job Performance Records

28       The Court finds the Memoranda relating to Defendant E. Orduno's job performance, dated

September 28, 1994 and August 19, 1994, directly relevant to the issues of this case.  The Court also finds the California State Personnel Board Decision, dated April 30, 2001, relevant to the issues of this case.  Accordingly, Defendants shall produce pages 194-211 on or before **March 30, 2012**.

       2.     <u>Duty Statement</u>

The Court finds the Registered Nurse Duty Statement relevant to Defendant Orduno's knowledge and training.  Accordingly, Defendants shall produce pages 212-218 on or before **March 30, 2012**.

       3.     <u>Individual Development Plan (2011)</u>

Defendant Orduno's Individual Development Plan, dated February 9, 2011, relevant to the issues of this case.  The Court further finds the attached Registered Nurse Duty Statement relevant to Defendant Orduno's knowledge and training.  Accordingly, Defendants shall produce pages 219-224 on or before **March 30, 2012**.

However, the Court finds that the Code of Safe Work Practices and Calipatria State Prison Discrimination Complaint Policy are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of pages 225- 227is hereby DENIED.

       4.     <u>Annual Audit of Training (March 2009 - February 2010)</u>

Orduno's Annual Audit of Training, dated March 1, 2009 through February 28, 2010, also is relevant to her knowledge and training.  Accordingly, Defendants shall produce pages 228-229 on or before **March 30, 2012**.

Conversely, the Court finds the Medical Department Rainbow Sheet attached to the Annual Audit of Training is not relevant to the instant action.  Therefore, Plaintiff's request for the production of pages 230-231 is hereby DENIED.

       5.     <u>Individual Development Plan (June 2009)</u>

With regard to Defendant Orduno's Individual Development Plan, dated June 17, 2009, the Court finds this document is relevant to the issues of this case.  The Court further finds the attached Registered Nurse Duty Statement relevant to Defendant Orduno's knowledge and training.  Accordingly, Defendants shall produce pages 232- 237 on or before **March 30, 2012**.

//

6.      Annual Audit of Training (February 2008 - February 2009)

As to Defendant Orduno's Annual Audit of Training, dated February 1, 2008 through February 28, 2009, the Court finds this document is relevant to her knowledge and training. Accordingly, Defendants shall produce pages 238-239 on or before **March 30, 2012**.

However, the Court finds that the Medical Department Rainbow Sheet and the documents relating to workplace safety are not relevant to this action.  Thus, Plaintiff's request for the production of pages 240-248 is hereby DENIED.

7.      Licenses

Defendant Orduno's licenses from the California Board of Registered Nurses are relevant to her knowledge and training.  Therefore, Defendants shall produce pages 249-256 on or before **March 30, 2012**.

**E.     Defendant Preciado**

1.      Individual Development Plan (December 2009 - December 2010)

As to Defendant Preciado's Individual Development Plan, dated December 2009 through December 2010, the Court finds this document is relevant to the issues of the case.  The Court further finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training. Therefore, Defendants shall produce pages 257-260 and 264-267 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

2.      Letter of Commendation

The Court finds that Defendant Preciado's Letter of Commendation, dated February 9, 2011, is relevant to the issues of the case.  Thus, Defendants shall produce page 273 on or before **March 30, 2012**.  However, with regard to the Rainbow Report following the Letter of Commendation, the Court finds this documents is not relevant to this matter.  Therefore, Plaintiff's request for the production of page 274 is hereby DENIED.

//

3.     Individual Development Plan (August 2008)

With regard to Defendant Preciado's Individual Development Plan, dated August 14, 2008, the Court finds this document is relevant to the issues of the case. The Court further finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training. Therefore, Defendants shall produce pages 275-276 and 285-287 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case. Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

4.     Individual Development Plan (December 2006)

Similarly, the Court finds that Defendant Preciado's Individual Development Plan, dated December 6, 2006, is relevant to the issues of the case. The Court further finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training. Accordingly, Defendants shall produce pages 288-290 and 300-303 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case. Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

5.     Individual Development Plan (June 2005)

The Court finds that Defendant Preciado's Individual Development Plan, dated June 29, 2005, is relevant to the issues of the case. The Court further finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training. Accordingly, Defendants shall produce pages 304-305 and 307-309 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case. Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

//

6.      Individual Development Plan (Nov. 2000 - Nov. 2001)

The Court further finds that Defendant Preciado's Individual Development Plan, dated November 30, 2002 through November 30, 2001, is relevant to the issues of the case.  Moreover, the Court finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training.  Accordingly, Defendants shall produce pages 316-320 on or before **March 30, 2012**.

However, with regard to the Employee Positional History and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

**F.      Defendant Stratton**

1.      Individual Development Plan (August 2005)

With regard to Defendant Stratton's Individual Development Plan, dated August 25, 2005, the Court finds this document is relevant to the issues of this case.  The Court further finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training. Accordingly, Defendants shall produce pages 330-340 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

2.      Individual Development Plan (June 2009)

As to Defendant Stratton's Individual Development Plan, dated June 2, 2009, the Court finds this document is relevant to the issues of this case.  The Court further finds the Annual Audit of Training relevant to Defendant Preciado's knowledge and training. Thus, Defendants shall produce pages 348-351 and 357-359 on or before **March 30, 2012**.

However, with regard to the Rainbow Report and work safety documents attached to Preciado's Individual Development Plan, the Court finds these documents are not relevant to the issues of this case.  Therefore, Plaintiff's request for the production of the remaining pages of this document is hereby DENIED.

3. <u>Individual Development Plan (May 2011)</u>

With regard to Defendant Stratton's Individual Development Plan, dated May 11, 2011, the Court finds the time period at issue is so remote that it is not relevant to the issues of this case. The Court also finds the work safety documents following the Individual Development Plan not relevant to the issues of this case. Therefore, Plaintiff's request for the production of pages 364-373 is hereby DENIED.

4. <u>Annual Audit of Training (November 2009 - November 2010)</u>

The Court finds Defendant Stratton's Annual Audit of Training, dated November 1, 2009 through November 30, 2010, relevant to the issues of this case. Accordingly, Defendants shall produce pages 374-377 on or before **March 30, 2012**.

5. <u>In Service Training Sign In Sheets (2011)</u>

As to the In Service Training Sign In Sheets signed by Defendant Stratton, dated February 1, 2011 through February 4, 2011, the Court finds the time period at issue is so remote that these documents are not relevant to the issues of this case. Thus, Plaintiff's request for the production of pages 378-385 is hereby DENIED.

**IT IS SO ORDERED.**

DATED: March 14, 2012

_____
LOUISA S PORTER
United States Magistrate Judge